UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
APR 23 2018
CLERK, US DISTRICT COURT
NORFOLK, VA

RAYMOND DENNIS BAREFOOT,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.

Civil No. 2:17cv105

## FINAL ORDER

Plaintiff Raymond Barefoot brings this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Acting Social Security Commissioner ("the Commissioner") to deny his claim for Disability Insurance Benefits ("DIB"). Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and the Local Rules, this matter was referred to a United States Magistrate Judge for a Report and Recommendation ("R&R"). ECF No. 10.

In the R&R filed on February 22, 2018, the Magistrate Judge concluded that the decision by the Administrative Law Judge ("ALJ") to deny Mr. Barefoot's claim was supported by substantial evidence. ECF No. 16. The Magistrate Judge recommended denying Mr. Barefoot's Motion for Summary Judgment (ECF No. 12) and granting the Commissioner's Motion for Summary Judgment (ECF No. 14), and affirming the decision of the Commissioner. ECF No. 16 at 23.

By copy of the Report, each party was advised of the right to file written objections to the finds and recommendations made by the Magistrate Judge. *Id.* On March 5, 2018, the Court

1

received Plaintiff's objections to the Magistrate Judge's R&R. ECF No. 17. On March 14, 2018, the Court received the Commissioner's response to Plaintiff's objections. ECF No. 18. The matter is now ripe for disposition.

I.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* any part of a magistrate judge's recommendation to which a party has properly objected. *See also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the magistrate judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . .").

A court reviewing a decision made in accordance with the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, if the Commissioner's denial of benefits is supported by substantial evidence and was reached by applying the correct legal standard, the Court must affirm the Commissioner's final decision. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589 (citations omitted). In reviewing for substantial evidence, this Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

## II. BACKGROUND

As recounted in the R&R, Mr. Barefoot initially filed an application for DIB on January 11, 2013, alleging disability as of September 29, 2012 due to an injury to his left foot and the subsequent amputation of his left leg below the knee. ECF No. 16 at 2; R. at 156–57, 168, 171. After the agency denied his initial application and his application on reconsideration, the ALJ found that Mr. Barefoot was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 401–434, between September 29, 2012 and March 31, 2013, the period of the alleged disability. Accordingly, the ALJ denied his claim for benefits. The Appeals Council then denied Mr. Barefoot's request for review on December 14, 2016. ECF No. 16 at 2.

In denying Mr. Barefoot's application, the ALJ made the following determinations, as required by 20 C.F.R. §§ 404.1520 and 416.920: (1) that Mr. Barefoot had not engaged in substantial gainful activity between the alleged onset date and the date that he was last insured, the period of the alleged disability; (2) that Mr. Barefoot suffered from a left knee amputation, which was a severe impairment; (3) that the evidence failed to demonstrate that Mr. Barefoot had an impairment or combination of impairments that equaled one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) that Mr. Barefoot was unable to perform past relevant work due to the severe impairment; but that (5) work suitable for Mr. Barefoot's residual functional capacity existed in significant numbers in the national economy. *See id.* at 12. After the Appeals Council denied Mr. Barefoot's request for review, Mr. Barefoot filed the instant Complaint for judicial review of the Commissioner's decision, which was then referred to the Magistrate Judge. *See* ECF Nos. 1, 10. As discussed above, the Magistrate Judge's R&R recommended that Mr. Barefoot's Motion for Summary Judgment be denied, that the

3

Commissioner's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. *See* ECF No. 16 at 23.

Mr. Barefoot presents three objections to the R&R and the Magistrate Judge's findings: (1) that the ALJ failed to properly evaluate Mr. Barefoot's impairments and that, accordingly, the ALJ's Step Three analysis, which concluded that the evidence failed to demonstrate that Mr. Barefoot had a qualifying impairment, was not supported by substantial analysis; (2) that the ALJ improperly assessed the opinion of Mr. Barefoot's treating orthopedic specialist; and (3) that the ALJ's decision to discount Mr. Barefoot's testimony was not supported by substantial evidence. ECF No. 17 at 1, 4, 7.

III. ANALYSIS

    A.    <u>The ALJ's Assessment of Step Three</u>

First, Mr. Barefoot asserts that the ALJ failed to adequately explain why, when engaging in Step Three of her analysis, his left leg amputation below the knee did not meet or equal a Listed Impairment. Mr. Barefoot contends that his amputation met the requirements of Listing 1.05, which provides four criteria for determining if a claimant has been disabled as the result of an amputation: (1) amputation of one or both lower extremities at or above the tarsal region; (2) with stump complications; (3) resulting in medical inability to use a prosthetic device to ambulate effectively; (4) which has lasted or is expected to last for at least twelve months. *See* ECF No. 17 at 1–4; 20 C.F.R. § 404.200. Mr. Barefoot argues that he clearly met the criteria of Listing 1.05, but that the ALJ improperly limited her consideration of evidence to the time period within the first six months after the amputation. Mr. Barefoot contends that both the ALJ and the Magistrate Judge erroneously "ignored any evidence of deterioration dated after that first six months." ECF No. 17 at 3.

4

However, as the R&R recognizes, the ALJ cited the relevant listing, and properly described and analyzed the evidence supporting her finding that Mr. Barefoot did not meet this listing. ECF No. 16 at 14–15. The R&R noted that there was considerable consistent evidence elsewhere in the record to support the finding that Mr. Barefoot did not have an extreme inability to ambulate using a prosthetic device in the twelve months after the amputation. *Id.* at 15. For example, the record notes that medical evidence prepared in March 2013 demonstrates that Mr. Barefoot was "making sufficient progress while ambulating with a four-posted walker," rendering the need for physical therapy low. R. at 28. The record also demonstrates that Mr. Barefoot could, during the August 2013 test fitting of his prosthetic leg, walk despite some tenderness. R. at 277. The record further notes that he could ambulate without the use of any assistive device in September 2013. R. at 290. Furthermore, any alleged evidence of deterioration post-dates the end of the period of alleged disability. *See* ECF No. 17 at 3; R. at 168. Accordingly, the Magistrate Judge concluded correctly that substantial evidence supported the ALJ's finding that Mr. Barefoot's amputation did not meet the criteria of Listing 1.05. Neither the ALJ nor the Magistrate Judge committed errors compelling remand.

B. <u>The ALJ's Assessment of the Opinions of Mr. Barefoot's Treating Physician</u>

Second, Mr. Barefoot contends that the Magistrate Judge improperly found that the ALJ's assessment of the opinion of Mr. Barefoot's treating orthopedic specialist was proper. Mr. Barefoot asserts that his residual functional capacity would have been more restricted if the ALJ had assigned the proper weight to his orthopedic specialist's opinion. When the record contains a number of medical opinions from different sources that are consistent with one another, the ALJ must use that evidence to make a determination of disability. 20 C.F.R. §§ 404.1527(c), 416.927(c). If the opinions are inconsistent with one another, or inconsistent with other evidence

before the ALJ, he or she must then evaluate the opinions and assess them by persuasive weight. 20 C.F.R. §§ 1527(c)(2)-(6), (d), 416.927(c)(2)-(6), (d).

A treating physician's opinion must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence on the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If, however, the ALJ determines that a treating physician's medical opinion is not deserving of controlling weight, the following factors must be considered by the ALJ to determine the appropriate weight to be given: (1) the length of treatment and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the opinion's support by medical evidence; (4) the opinion's consistency with the record as a whole; and (4) the treating physician's specialization. 20 C.F.R. §§ 404.1527(d)(2)-(5). Mr. Barefoot contends that the ALJ failed to properly weigh the opinion evidence because the ALJ discounted the treating orthopedic specialist's medical opinion presented in a check-box physical capacities assessment that Mr. Barefoot could not perform sedentary work because of pain. ECF No. 17 at 5; R. at 31. Mr. Barefoot asserts the ALJ's decision to discount this opinion was the result of a cursory analysis and not supported by the evidentiary record.

However, as the R&R recognizes, the ALJ conducted much more than a cursory analysis. ECF No. 16 at 19 (citing *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017)). The ALJ carefully reviewed all of the medical evidence, including the treating orthopedic specialist's medical records, and identified contradictory evidence about Mr. Barefoot's ability to work. Because the evidence before the ALJ regarding Mr. Barefoot's ability to work was conflicting, the ALJ was required to evaluate the credibility of the source of each piece of evidence. Specifically, the R&R noted that in December 2013, the treating orthopedic specialist recorded complaints from

6

Mr. Barefoot regarding phantom sensations but that he did not complain about significant pain. This conflicted with the orthopedic specialist's opinion in the January 2014 assessment that pain would render Mr. Barefoot off-task up to eighty percent of the workday if he were to perform a sedentary job. ECF No. 16 at 5, 7, 16, 19.

In assessing the credibility of each piece of evidence, the only opinion the ALJ specifically discounted was not in the medical records, but instead was in the assessment. The ALJ identified medical opinions in the orthopedic specialist's treatment records contradicting the opinion in the assessment. *Id.* The ALJ resolved the contradiction by relying on the documents produced during the management of Mr. Barefoot's treatment. *Id.* Because a lack of support in the treatment record is a proper basis for discounting a treating physician's opinion, the ALJ's decision to afford less weight to the assessment was appropriate. *See Craig*, 76 F.3d at 590. Furthermore, the R&R correctly recognized that such check-box forms lacking any medical explanation or justification are not entitled to great weight, even when completed by the treating physician. *See Leonard v. Astrue*, No. 2:11cv48, 2012 WL 4404508, at *4 (W.D. Va. Sept. 25, 2012).

This Court agrees with the Magistrate Judge's assessment that the ALJ applied a critical reading to the records, resulting in the identification of contradictory evidence. Because the treating orthopedic specialist's opinion in the assessment conflicted with other medical evidence in the record, including from the treating orthopedist himself, the ALJ was not required to give the form's opinions controlling weight. *See Craig*, 76 F.3d at 590; *see also Dunn v. Colvin*, 607 Fed. App'x 264, 267 (4th Cir. 2015) (internal citations omitted) (noting that courts should not disturb an ALJ's decision as to the weight afforded a medical opinion absent some indication that the ALJ "dredged up 'specious inconsistencies'"). Accordingly, the Court finds that the

ALJ's assessment was supported by substantial evidence, and that neither the ALJ nor the Magistrate Judge committed errors compelling remand.

C. <u>The ALJ's Evaluation of Mr. Barefoot's Credibility</u>

Finally, Mr. Barefoot contends that the Magistrate Judge erred by recommending that the Court find that the ALJ's decision to discount Mr. Barefoot's testimony of disabling pain was supported by substantial evidence. Specifically, Mr. Barefoot contends that the ALJ's consideration of Mr. Barefoot's poor work history was improper. ECF No. 17 at 7–8.

When evaluating a claimant's subjective symptoms, an ALJ must determine whether there is an underlying medically determinable physical or mental impairment that reasonably could produce the individual's pain or other related symptoms. 20 C.F.R. §§ 404.1529(a), 416.929(a). If the underlying impairment reasonably could be expected to produce the individual's pain, the ALJ must then evaluate a claimant's statements about the intensity and persistence of the pain and the extent to which it affects an individual's ability to work, and must make a determination as to the credibility of the claimant's statements regarding the extent of the symptoms. *Craig*, 76 F.3d at 595–96.

Here, as the R&R recognized, in evaluating Mr. Barefoot's statements regarding the intensity, persistence, and limiting effects of his symptoms, the ALJ's decision to discount Mr. Barefoot's testimony regarding the impact of his condition on his ability to work was supported by substantial evidence. First, the ALJ found that the "record was replete with notes and observations that [Mr.] Barefoot's condition improved through the first year after his amputation prior to and immediately after" the end of his disability period. ECF No. 16 at 22. As the R&R recognized, "[t]his directly contradict[ed] his testimony about the pain he experienced during that time." *Id.* The record notes that in March of 2013, Mr. Barefoot could walk with a walker

8

and that the overall fit of his prosthesis was comfortable. By August of that year, he had reported a good fit with his prosthetic leg's socket and the orthotist noted that Mr. Barefoot could walk without the use of a cane. *Id.* By September 2013, he was able to ambulate without the use of any assistive device. *Id.* Second, the R&R noted that Mr. Barefoot's testimony that his pain was disabling to the extent that it prevented him from concentrating on a task was undermined by his own testimony that he read novels for entertainment and was able to care for his minor son. *Id.* at 23. Third, as discussed above, the ALJ also made note of Mr. Barefoot's poor work history to discredit his testimony. *Id.* It was not improper for the ALJ to consider this in evaluating his subjective complaint. *Green v. Colvin*, No. 6:13-31, 2014 WL 4792952, at *17 (W.D. Va. Sept. 25, 2014) (noting that several courts of appeal have found a claimant's limited work history may be considered in assessing a claimant's credibility).

Accordingly, the Court agrees with the R&R's conclusion that the ALJ's assessment of Mr. Barefoot's credibility was supported by substantial evidence. *See Craig*, 76 F.3d at 589. Neither the ALJ nor the Magistrate Judge committed errors compelling remand.

IV. CONCLUSION

Following this Court's *de novo* review of the R&R filed on February 22, 2018, and of the objections filed thereto, and finding no errors, the Court ADOPTS AND APPROVES in full the findings and recommendations set forth in the R&R. ECF No. 16. Accordingly, Mr. Barefoot's Motion for Summary Judgment (ECF No. 12) is DENIED, the Commissioner's Motion for Summary Judgment (ECF No. 14) is GRANTED, the decision of the Commissioner is AFFIRMED, and this case is DISMISSED WITH PREJUDICE.

The parties are ADVISED that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United

States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is REQUESTED to forward a copy of this Order to all parties.

IT IS SO ORDERED.

/s/
Arenda L. Wright Allen
United States District Judge

April 23, 2018
Norfolk, Virginia